IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>    Plaintiff    ) <br>         ) <br> v.    )    Misc. No. 2:15-mc-3719-MHT-SRW <br>         ) <br> BRYAN M. MARCHAND,    ) <br>    Defendant    ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 27, 2017, this matter was referred to the undersigned by United States District Judge Myron H. Thompson for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 14); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). This case is now before the court on the government's Application for Writ of Garnishment (Doc. 1), defendant Bryan Marchand's objection and motion to quash (Doc. 4), the government's status report and response (Doc. 11), and the government's motion for final disposition (Doc. 13). Upon review of defendant's objections, the government's response, and the record, the court concludes that the objections are due to be overruled.

### **Facts and Procedural History**

Defendant previously pled guilty to and was convicted of one count of making a false statement in violation of 18 U.S.C. § 1001 in the District Court for the District of Columbia. (CR No. 12-CR-0067). On June 22, 2012, the Court entered judgment, sentencing defendant to a term of incarceration of three months and a term of supervised

release of thirty-six months. The Court ordered defendant to pay restitution in the amount of $192,071.00. The Judgment provides that "[t]he special assessment and restitution are immediately payable to the Clerk of the Court for the U.S. District Court, District of Columbia," and that the defendant "shall pay the balance of any restitution owed at a rate of no less than $150 each month ... ." The sentencing court also authorized the transfer of jurisdiction to the United States District Court for the Middle District of Alabama (Case No. 2:14-CR-422) and the transfer of supervision to the United States Probation Office of this district.

On July 21, 2015, the government filed an Application for Writ of Garnishment in this court for funds belonging to defendant on deposit with garnishee, Ameriprise Financial Services, in the amount of $78,129.18. (Doc. 10). The balance of defendant's restitution due as of July 6, 2015 was $185,044.00. (Doc. 1). The Clerk of Court docketed the writ of garnishment on July 23, 2015, and defendant was served with a copy of the writ, notice of garnishment and instructions to debtor, claim for exemption form, and instructions to the garnishee on July 30, 2015. (Docs. 2, 3). On August 18, 2015, defendant filed an Objection to Writ of Garnishment and Motion to Quash. (Doc. 4).[1]

---

[1] 28 U.S.C.A. § 3202 provides that "[b]y requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy." 28 U.S.C.A. § 3202 (d). Defendant's motion seeks only to quash the writ of garnishment; it does not request a hearing, so no hearing was scheduled in this case. In addition, "[a] defendant is not entitled to a hearing where he fails to show that the Government did not comply with a statutory requirement, or fails to present a colorable claimed exemption." *United States v. Tripodis*, 2016 WL 5389142, at *2 (internal quotation marks and citations omitted).

Defendant raises four objections to the writ of garnishment: (1) the government failed to comply with statutory requirements, (2) the court lacks jurisdiction due to the government's failure to file a notice of lien pursuant to 28 U.S.C. § 3613, (3) the matter is not ripe because garnishee has not filed an answer, and (4) the garnishment should not issue because a restitution order is in place and defendant made all of his restitution payments from November, 2012 through July, 2015. (Doc. 4 at 3). While it is not listed among his objections, defendant also indicates that the accounts that the government is seeking to garnish "reflect the only monetary savings that [he] possesses." (Doc. 4 at 2). He is also seeking payment of attorney fees and litigation expenses. (Doc. 4 at 3).

The government filed a Status Report and Response on September 11, 2015. (Doc. 11). In this response, the government asserts that: (1) it did comply with applicable statutory requirements, (2) it has the authority to enforce the judgment lien and is statutorily obligated to be aggressive in its collection efforts, (3) it is not limited to the payment schedule, and (4) it is not abusing its enforcement authority in seeking to garnish defendant's accounts. (Doc. 11 at 3). The government calculates that even at defendant's increased payment rate,[2] without the garnishment he would still have a balance owed of $83,544 at the end of the statutory collections period. (Doc. 11 at 9). The government also notes that its review of defendant's financial situation shows that his annual income was up $5,000 at the time of the application and his annual expenses had decreased by $264. (Doc. 11 at 4, n. 3). The government attached the recorded notice of lien to its response.

---

[2] In July 2015, defendant agreed to a payment increase from $150 to $500 per month. (Doc. 4 at 2).

3

(Doc. 11-5). On February 16, 2017, the government filed a Motion for Entry of Final Disposition, requesting a resolution of defendant's objections and an order requiring the garnishee to relinquish the funds in the accounts listed in the garnishee's answer. (Doc. 13).

## Discussion

### I. Legal Standard

"The [Federal Debt Collection Procedure Act (the "FDCPA")] provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States." *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (internal quotation marks omitted). Several remedies are available under the FDCPA, including a writ of garnishment. *Id.*; 28 U.S.C. § 3205(a). The district court may issue a writ of garnishment "against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

When the government commences a proceeding to enforce a judgment, notice must be served on the judgment debtor advising him or her of the proceeding, possible exemptions, and the right to object and to request a hearing. 28 U.S.C. § 3202(b), (c). The issues at any such hearing are limited to (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted;" and (3) certain issues pertaining to

4

default judgments.  28 U.S.C. § 3202(d); *United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011) (per curiam); *Tripodis*, 2016 WL 5389142, at *2.  As noted above, "[a] defendant is not entitled to a hearing where he fails to show that the government did not comply with a statutory requirement, or fails to present a colorable claimed exemption." *Tripodis*, 2016 WL 5389142, at *2 (internal quotation marks and citations omitted).

**II. Analysis**

Defendant objects to the writ of garnishment on several grounds. All but one of defendant's objections fall outside the enumerated objections permitted under 28 U.S.C. § 3202(d).  Defendant's objections that the matter is not ripe because the garnishee did not file an answer,[3] and that the garnishment should not issue because the defendant is making payments in accordance with the payment plan, are not within the allowable objections under § 3202(d).  Thus, these objections are due to be overruled.

Although defendant's assertion that the court lacks jurisdiction is not a permissible objection under § 3202(d), the court will briefly address this claim. Defendant bases this assertion on the government's purported failure to file a notice of lien. However, the government has submitted evidence of a recorded notice of lien (Doc. 11-5) that defendant has not disputed.  This objection is, therefore, without merit.

Defendant's only permissible objection under § 3202(d) is his claim that the government failed to comply with statutory requirements. However, beyond his bare

---

[3] The garnishee filed an answer on September 8, 2015. (Doc. 10.)

assertion that the government failed to file a notice of lien, which is addressed above, defendant does not specify which statutory requirements were not met.

Defendant also maintains that the government failed to coordinate enforcement of the collection of restitution with the probation office, in contravention of U.S. Attorney's Manual 3-12.330. However, defendant does not provide any explanation or legal support for the proposition that such a failure to coordinate, if proved, constitutes a lawful ground for dissolving a writ of garnishment, nor has the court located any such authority. Therefore, this objection is due to be overruled.

The government acknowledges that 28 U.S.C. § 3013 grants the court discretion to deny, modify, limit, or regulate enforcement procedures.  Some courts have held that this section "authorizes district courts to shield defendants from efforts to collect restitution judgments if the collection would cause 'unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice.'" *United States v. Sayyed*, 186 F. Supp. 3d 879, 883 (N.D. Ill. 2016) (finding that the defendant would not have been granted a hardship exemption because he was still working for a substantial salary). Defendant maintains that the accounts at issue are his only savings (Doc. 4 at 2-3), which the court construes as a contention that the garnishment will cause him hardship.  While defendant's loss of his savings undoubtedly constitutes a burden to him, this burden is "not grave enough to justify delaying restitution to his victims." *Sayyed*, 186 F. Supp. 3d at 883. The government indicates that it "has specifically agreed to waive wage garnishment as a recovery option as long as Defendant complies with the agreed payment schedule," and it "is not seeking to garnish or execute on all of Defendant's nonexempt property, but instead seeks to garnish assets

6

which are not vital to the payment of Defendant's day to day living expenses." (Doc. 11 at 10.) Further, as the government notes, "Defendant does not argue that the relief sought by the United States will leave his family homeless, nor does he argue it will cost him his livelihood." *Id.* In addition, at the time that the government filed for the writ of garnishment, it is undisputed that defendant's yearly income had increased and his expenses had decreased. (*Id.* at 4 n.3).

## **Conclusion and Recommendation**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Defendant's Objections to the Writ of Garnishment (Doc. 4) be OVERRULED,

(2) Defendant's Motion to Quash (Doc. 4) be DENIED,

(3) Defendant's request for payment of attorney fees and litigation expenses (Doc. 4) be DENIED, and

(4) the government's Motion for Final Disposition (Doc. 13) be GRANTED so that the garnishee is ordered to relinquish the funds held in the accounts identified in garnishee's answer to the clerk of the court to be applied toward defendant's outstanding restitution balance.

It is further

ORDERED that **on or before May 18, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 4th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge